Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CAROL FUNK, an Individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation,<br><br>　　　　　　　　　　Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $135,000.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

　　　　COMES NOW, Plaintiff Carol Funk, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

**JURISDICTION, VENUE, AND PARTIES**

1.

　　　　Venue for this action is proper in the District of Oregon. The Plaintiff, Carol Funk, lives in Washington County, Oregon. Defendant is a public corporation incorporated in, and with a principle place of business, in Oregon. The OHSU Board of Directors, whose members are

appointed by the State Senate, governs the university. As a public corporation, it receives federal and state funding. Plaintiff exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about July 13, 2023.

2.

At all material times, Plaintiff was a resident of Washington County, Oregon.

3.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

4.

Plaintiff worked as a Cancer Registrar for Defendant for approximately four months. In this position, Plaintiff was contracted to the State of Oregon Cancer Reporting Department. Her job involved looking at cancer patient case histories (patient abstracts) from different facilities, and then deciding if they could be combined into one abstract if all or parts of their histories were similar. Plaintiff also did quality assurance/control on abstracts coming into the State of Oregon. At her three-month review, she was described as experienced, knowledgeable, a high performer and delightful to work with on a daily basis. At the time of her interview for the job, in June 2021, Plaintiff explained that she had not taken the COVID-19 vaccine and did not plan to obtain it. She was told that OHSU did not require employees to be vaccinated.

5.

Plaintiff's position as a Cancer Registrar was fully remote. Plaintiff worked successfully and exclusively from home.

6.

Plaintiff is also a devoutly religious individual who adheres to principles of a Christian faith and is dedicated to following the tenets of her faith to the best of her ability.

7.

In August of 2021, Defendant announced it would be implementing and enforcing a vaccine mandate in the workplace. Plaintiff was informed that those individuals with medical conditions or religious beliefs in conflict with the vaccine and/or to the taking of the vaccine could apply for religious and/or medical exceptions. On or about September 26, 2021, Plaintiff submitted her request for a religious exception. She also let her employer know that she had additional concerns, as she had bad reactions to vaccines in the past. Plaintiff did not receive a response to her religious exception request.

8.

Shortly thereafter, Plaintiff contracted COVID-19 and received a monoclonal antibody infusion as part of her treatment. Plaintiff was informed by her doctor that she should not receive the COVID-19 vaccine for at least ninety days after the infusion. Plaintiff duly informed OHSU of this fact. In addition, Plaintiff became part of a SARS-Cov2 study as part of a vaccine control group; as a part of the study, she could not become vaccinated.

9.

Instead of allowing Plaintiff to continue working from home, Defendant terminated her on October 18, 2021. If Plaintiff complied and became vaccinated within forty-five days of her termination, she would be allowed to return to work in her former or similar position. However, this deadline was well before the ninety days her doctor stated she could be vaccinated.

10.

Due to her wrongful dismissal, Plaintiff was compelled to apply for unemployment, and was not able to find new employment until September 2022. Plaintiff now works as a contractor, with no benefits and no paid holidays.

11.

Plaintiff was devastated by the loss of her job, and suffered from stress and anxiety, which in turn increased her propensity for migraines and digestive problems. She felt coerced and betrayed by Defendant. Working remotely from home was productive and satisfactory for both

Plaintiff and Defendant; thus, there was no need for additional accommodation since she was already working remotely full-time. Plaintiff not only lost her job, but her income and benefits. She was compelled to withdraw savings to help her survive financially.

12.

The Defendant has yet to explain why, in its view, after several months of working remotely, Plaintiff's presence suddenly created an unacceptable health and safety risk necessitating her termination.

13.

Upon information and belief, the Defendant's adverse employment actions against Plaintiff were not to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory against Plaintiff based on her sincerely held religious beliefs and retaliation against her for her medical condition that made her unable to be vaccinated. Plaintiff did not need any additional accommodation since she was already working fully remotely. Instead, Defendant took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

14.

Because of the Defendant's unlawful termination of Plaintiff, Plaintiff has suffered economic loss and emotional distress.

## FIRST CLAIM FOR RELIEF

### (Unlawful Employment Discrimination Based on Disability

### in Contravention of Or. Rev. Stat. § 659A.112 and )

15.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

16.

Plaintiff is a member of a protected class on the basis of her medical condition. Plaintiff was unable to obtain a COVID-19 vaccine due to receiving a monoclonal antibody infusion and

being part of a vaccine control group in the study of the COVID-19 vaccine.

17.

Defendant failed to make a good faith effort to accommodate Plaintiff. It would not have been an undue hardship to have allowed Plaintiff to continue working remotely, as she had been.

18.

Instead of finding reasonable accommodation or a set of accommodations for her medical condition, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

19.

As a result of Defendant's violation of O.R.S. 659A.112, Plaintiff has been damaged in an amount of no less than $135,000.00 in economic damages, or a different amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages and attorney's fees.

**SECOND CLAIM FOR RELIEF**

**(Unlawful Discrimination in Contravention of American Disabilities Act**

**42 U.S.C. §12101 et seq.)**

20.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

21.

Plaintiff is a member of a protected class on the basis of her medical condition, as she was unable to obtain a COVID-19 vaccine due to receiving a monoclonal antibody infusion and being part of a vaccine control group in the study of the COVID-19 vaccine. As a result of the mandate, and Defendant's actions in prohibiting Plaintiff from working, plaintiff was unable to work and developed emotional and mental distress and increased physical problems.

22.

Plaintiff's medical condition conflicted with the Defendant's COVID-19 vaccine mandate.

23.

When Plaintiff informed plaintiff of her medical concerns regarding the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff. It would not have been an undue hardship to have allowed Plaintiff to continue working remotely from home.

24.

No accommodation was needed to allow for Plaintiff's medical status, as she was already working remotely. Instead of allowing Plaintiff to continue working from home, the Defendant engaged in a series of adverse employment actions in retaliation against the Plaintiff, culminating in Plaintiff's unlawful termination. The unlawful discrimination and retaliation against Plaintiff because of her medical disability (and resulting emotional and mental distress) by Defendant as outlined above, was a proximate cause of Plaintiff's wrongful termination.

25.

As a result of Defendant's unlawful conduct, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $135,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

### THIRD CLAIM FOR RELIEF

### (Unlawful Employment Discrimination Based on Religion

### In Contravention of Or. Rev. Stat. § 659A.030)

26.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

27.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious beliefs.

28.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working remotely from home.

29.

No accommodation was needed to allow for Plaintiff's religious beliefs because she was already working remotely. Instead of allowing Plaintiff to continue working from home, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff being terminated. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

30.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount of no less than $135,000.00 in economic damages, or a different amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

## FOURTH CLAIM FOR RELIEF
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**

**42 U.S.C. §2000e et seq.)**

31.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

32.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious beliefs.

33.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

34.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working remotely from home.

35.

No accommodation was needed to allow for Plaintiff's religious beliefs because she was already working remotely. Instead of allowing Plaintiff to continue working from home, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff being terminated. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

36.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $135,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $135,000.00.
2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.
3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.
4. Any other relief as the Court deems just and equitable.

DATED this 28th day of August, 2023.

                                            JANZEN LEGAL SERVICES, LLC

                                            By /s/ Caroline Janzen
                                            Caroline Janzen, OSB No. 176233
                                            caroline@ruggedlaw.com
                                            Attorney for the Plaintiff